UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES LAUGA, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO: 07-4492 |
| FIDELITY NATIONAL INSURANCE CO. | * | SECTION: "D"(5) |

### ORDER AND REASONS

Before the court is the **"Motion for Summary Judgment" (Doc. No. 32)** filed by Defendant, Fidelity National Insurance Company, in its capacity as flood carrier, a Write-Your-Own carrier participating in the U.S. Government's National Flood Insurance Act of 1968 (NFIA), as amended (42 U.S.C. §4001 *et seq*.), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States."[2] ***No memorandum in opposition was filed***. The motion, set for hearing on Wednesday, June 17, 2009, is before the court on briefs, without oral argument.

Now, having considered the memorandum and summary judgment evidence submitted by Defendant's counsel, the record, and the

---

[1] 44 C.F.R. §62.23(f).

[2] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

applicable law, the court finds that there is no genuine issue of material fact and Defendant is entitled to Judgment as a matter of law. Because Plaintiffs failed to submit a timely and sworn Proof of Loss and failed to submit any supporting documentation for any additional losses that they seek under their SFIP, Plaintiffs failed to comply with conditions precedent under its National Flood Insurance Program Standard Flood Insurance Policy, and thus, no further benefits are payable under that policy.[3] *See* Standard Flood Insurance Policy at 44 C.F.R. Pt. 61 App. A(1), Article VII(J); *Marseille Homeowners Condominium Ass., Inc. v. Fidelity National Ins. Co.*, 542 F.3d 1053 (5th cir. 2008); *Wright v. Allstate*, 415 F.3d 384, 387-88 (5th Cir. 2005); *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998); *Forman v. FEMA*, 138 F.3d 543, 545-46 (5th Cir. 1998).[4]

---

[3] The address of the covered property is a warehouse located at 2728-2732 Conti Street, New Orleans, Louisiana. Plaintiffs' SFIP had building coverage limits of $165,000 and $30,000 of contents coverage. (*See* Price Affidavit, Defendant's Ex. 1, Doc. No. 32-3 at ¶ 2). Plaintiffs' insured property suffered flood damage as a result of Hurricane Katrina and its effects.

An independent adjuster inspected the subject property and recommended that $14,091.43 for building coverage was payable on the claim. (*Id*. at ¶ 6). Fidelity issued Plaintiffs and AmSouth Bank a check in this amount on or about February 15, 2006. (*Id*. at ¶7).

Plaintiffs requested a supplement under their SFIP. A second adjuster recommended a supplement of $36,733.86 for building coverage and $47,809.95 for contents coverage. (*Id*. at ¶9). Fidelity issued Plaintiffs and AmSouth Bank checks in these amounts on or about February 13, 2007. (*Id*. at ¶ 11). In this lawsuit, Plaintiffs claim that additional benefits should have been disbursed to them under their SFIP.

[4] *See also* cases decided by this court: *Morris v. American Nat'l Prop. & Cas. Co.,* 2008 WL 2959564 (E.D.La. 2008)(McNamara, J.); *Henly v. Allstate Ins. Co.*, 2008 WL 89970 (E.D.La. 2008)(McNamara, J.); *Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity Nat. Ins. Co.*, 2007 WL 2363141 (E.D.La. 2007) (McNamara, J.), *affirmed* 542 F.3d 1053 (5th Cri. 2008); *Newlin v. Fidelity National Property & Casualty Ins. Co.*, 2007 WL 1466819

Further, to the extent that Plaintiff has asserted state-law based extra-contractual claims against Allstate, such claims are pre-empted by the National Flood Insurance Act and related regulations. *Gallup v. Omaha Property & Casualty Ins. Co.*, 434 F.3d 341, 344-45 (5th Cir. 2005); *Wright*, 415 F.3d at 389-90.

Finally, regarding Plaintiff's extra-contractual claims, asserted under the guise of federal common law, the court rejects such claims because they are "neither explicitly or implicitly authorized by the NFIA." *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007).

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. No. 32)** filed by Defendant Fidelity National Insurance Company, be and is hereby **GRANTED,** dismissing all the claims asserted by Plaintiffs herein.

New Orleans, Louisiana, this **18th** day of **June, 2009.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

(E.D.La. 2007) (McNamara, J.); *Airhart v. Allstate Ins. Co.*, 2007 WL 2127720 (E.D.La. 2007)(McNamara, J.).